## CORNELIUS PRICE ET AL.

### v.

## PATRICK HENAGAN.

1. MASTER AND SERVANT—FITNESS OF MACHINERY FURNISHED TO SERVANT.—An employer is not held to be a warrantor of the suitableness or absolute safety of machinery furnished by him for the use of his employe; he is only bound to exercise reasonable care in the selection of machinery and material. In this case the court is of opinion that the employe was guilty of equal if not greater negligence than the employer, and hence is not entitled to a recovery.

Price v. Henagan.

2. Plaintiff must show due care.—In an action by an employe against his employer for an injury resulting from the latter's negligence, the plaintiff must prove, not only negligence on the part of the employer, and resulting injury to himself, but also that he was not guilty of any negligence or want of care which contributed to the injury.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed March 2, 1880.

Mr. R. W. Pike, for appellants; that the burden of proof is upon the plaintiff to show negligence of the employer and due care on his own part, cited Wharton on Negligence, § 428; Shearman and Redfield on Negligence, § 43; C. C. & I. C. R. R. Co. v. Troesch, 68 Ill. 548; Green v. I. C. R. R. Co. 29 Iowa, 14.

The employer is only bound to exercise ordinary care: Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; City of Rockford v. Tripp, 83 Ill. 238; C. C. & I. C. R. R. Co. v. Troesch, 68 Ill. 548; Shearman and Redfield on Negligence, § 87.

The only negligence which can be relied upon is that charged in the declaration: C. B. &. Q. R. R. Co. v. Lee, 68 Ill. 576; C. & A. R. R. Co. v. Mock, 72 Ill. 141; C. C. & I. C. R. R. Co. v. Troesch, 68 Ill. 548; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417.

The employe was bound to know if the bridge was out of repair and report to his employer: T. W. & W. R. R. Co. v. Eddy, 72 Ill. 138; Ill. Cent. R. R. Co. v. Jewell, 46 Ill. 99; Moss v. Johnson, 22 Ill. 633.

As to error in the instructions given for plaintiff: C. A. & St. L. R. R. Co. v. Murray, 62 Ill. 326; Baldwin v. Killian, 63 Ill. 550; C. B. & Q. R. R. Co. v. Dunn, 61 Ill. 385; Coughlin v. The People, 18 Ill. 266; Straus v. Minzesheimer, 78 Ill. 492; Schmidt v. C. & N. W. R. R. Co. 83 Ill. 405; I. & St. L. R. R. Co. v. Evans, 88 Ill. 63.

As to amending instructions: Morgan v. Peet, 32 Ill. 281; G. &. C. U. R. R. Co. v. Jacobs, 20 Ill. 478.

Messrs. Dent & Black and Mr. W. S. Harbert, for appel-

lee; that appellants were guilty of negligence, cited Shearman and Redfield on Negligence, § 590; Combs v. New Bedford Co. 102 Mass. 572.

In support of plaintiff's instructions as given: Shearman and Redfield on Negligence, §§ 10, 13, 28, 32,92.

WILSON, J. This was an action on the case, brought by appellee against appellants, for the loss of his mare while working for appellants in the construction of a building in the city of Chicago. The substance of the complaint, as set forth in the declaration is that the defendants built a platform or bridge over an area in the rear of the building, and that they negligently had the bridge constructed of rotten and unsound materials, and so carelessly maintained the same that while the plaintiff's mare was working on said building and walking over said bridge, and without any fault on the part of the plaintiff, the bridge broke and let the mare fall into the excavation, by reason whereof she died.

The plaintiff had judgment for $125.00, and the defendants bring the case here by appeal.

It appears from the evidence that Henagan was employed by appellants to hoist materials with his mare in the building then in course of erection by appellants. He hired a boy to drive the mare, and a bridge was built from the alley in the rear of the building to enable the mare to pass into and out of the building during the progress of the work. The bridge was constructed of three-inch planks fourteen feet long, one end being placed on the door-step of the building and the other on the ground; beyond the excavation or area, which was about six feet across, the middle of the planks being supported by blocking placed under it near the area wall. Henagan went with the mare and boy on the morning they commenced work, and saw the bridge constructed. The blocking projected several inches on either side of the bridge, and could be plainly seen. The planks were not spiked to the blocking.

In this manner appellee's mare and driver worked there from April 17th to May 4th, the day of the accident, going in and out over the bridge daily. The bridge was used for no

other purpose than to pass the mare into and out of the building.

Two or three days prior to the accident, one or two planks were taken out of the bridge, and at the request of appellee's driver, a man who was at work about the building put other planks in their place. There was no evidence to show by whom or why the planks were removed, or that appellant or their foreman knew of the removal or substitution of other planks, and no complaint was ever made about the bridge by appellee or his driver; nor was there any evidence that any notice or knowledge of any defect in the bridge or planks was had by or brought home to appellants or their foreman.

During the night previous to the accident the blocking which supported the planks was stolen or taken away by some unknown person, of which neither appellants nor their foreman had any knowledge until after the accident.

On the morning of May 4th, the boy came to the building with the mare shortly before working hours, and while leading her across the bridge one of the planks broke and the mare fell into the area and was killed. The boy admits that he noticed a portion of the blocking was gone; that the bridge bent more than usual, and that the plank which broke bent more than the others. It was subsequently discovered that the plank which broke had a knot in it, but the plank was sound and had no rot in it; and the evidence shows that if the blocking had not been removed, the weight of the mare would have been insufficient to break it. It does not appear whether the broken plank was one of those of which the bridge was originally constructed or one which had been put in at the request of the driver, two or three days prior to the accident.

In view of these undisputed facts, we think the verdict and judgment of the court below was unwarranted. We are unable to see in what respect appellants are chargeable with negligence; and if they were, it is manifest appellee was guilty of equal if not greater negligence. The case seems to have been tried upon the assumption that an employer is bound to furnish his servants with material and appliances that are safe in any event. Such is not the law. He is in no sense a guarantor of their fitness or safety. The law imposes upon the employer

only the obligation to use reasonable and ordinary care and diligence in providing suitable and safe machinery and materials. If there were an implied warranty of soundness or safety, it would follow that no matter what degree of diligence or skill an employer might use, if an employe were injured by defective machinery or materials, he could recover. The true rule, as above stated, has been repeatedly decided by the Supreme Court of this State and by this court. Camp Point Mfg. Co. v. Ballou, 71 Ill. 421; City of Rockford v. Tripp, 83 Ill. 238; C. C. & I. R. R. Co. v. Troesch, 68 Ill. 551; N. Chi. Rolling Mills v. Monka, 4 Bradwell, 664; Chi. & N. W. R. R. Co. v. Schuering, Ib. 533.

The bridge when built appears to have been sufficient and safe, and was used in that condition nearly three weeks. Its condition was known to appellees not less than to appellants, and but for the removal of the blocking, the accident would not have happened. The evidence shows the removal of the blocking was not known to appellants, but was known to appellee's driver at the time he undertook to cross. If he did not wish to assume the risk of crossing in the condition in which he found the bridge, it was his duty to have notified appellants, and waited until the bridge was repaired. He had no right to expose himself or his property to a danger which was as manifest to himself as to any one, and for doing so he cannot ask for damages for an injury thereby received.

It is claimed by appellee that appellants were negligent in not having the planks spiked to the blocking. Conceding that this would have made the bridge safer, it does not help appellee's case, for he voluntarily used the bridge as it was, knowing its condition, and made no objection thereto. He had even better means for knowing its condition than had appellants, for his driver passed over it daily for three weeks, and it was not used by appellants for any other purpose. It thus appears that the accident happened from appellee's own want of care rather than from any negligence or want of care on the part of appellants.

Amongst other instructions given by the court at the request of the plaintiff were the following:

Price v. Henagan.

"The fact that the injury was caused, if you find it was so caused, by the joint negligence of the defendants and a stranger, is no defense to the action, if you find that the negligence of the defendants helped to bring the accident about."

This instruction was improper.   There was no evidence that the injury was caused by the joint negligence of the defendants and a stranger.   There was no proof that the blocking under the bridge was taken away by the defendants or their servants; and if it was removed by a stranger, and this was unknown to the defendants, the remedy would be against the stranger only.

The fourth instruction is as follows:

"The plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of the defendant, and of injury resulting to himself.   Having done this, he is entitled to recover, unless the defendant produces sufficient evidence to rebut this presumption."

This instruction wholly ignores the necessity of proof on the part of the plaintiff that he was in the exercise of due care at the time of the accident.   The declaration avers that the plaintiff was without fault, and the law requires that to entitle him to recover, he should prove not only negligence on the part of the defendant, and resulting injury to himself, but also that he was not guilty of any negligence or want of care which contributed to the injury.   This principle has been so often declared by the Supreme Court of this and other States, as to render a reference to cases unnecessary.

The sixth instruction is as follows:

"Even when a plaintiff sees that the defendant has been negligent, he is not bound to anticipate all the perils to which he may *possibly* be exposed by such negligence, or to refrain absolutely from pursuing his usual course, on account of risks to which he is *probably* exposed by the defendant's fault.   Some risks are taken by most all prudent men, and the plaintiff is not debarred from recovering for the injury if he has adopted the course most prudent men would take under similar circumstances."

This instruction, while laying down correctly an abstract legal proposition, is inapplicable to the facts of the present case, and does not state the rule of comparative negligence, and was calculated to mislead the jury.

The seventh instruction is as follows:

" If the injury would certainly have occurred notwithstanding the exercise of due care by the plaintiff, his omission to take such care is immaterial."

There was no evidence to show that the accident would certainly have occurred if the plaintiff had exercised due care. Instructions must be based upon the evidence.

The eighth instruction is as follows:

" The general rule is, that an employer who provides the machinery and controls its operation *must see* that it is suitable; but it is also the duty of one using such machinery to see to its condition, and if defects appear, to give notice thereof to his employer."

This instruction does not state the rule of law correctly. As we have already observed, an employer is not held to be a warrantor of the suitableness or absolute safety of machinery furnished by him for the use of his employe. He is only required to exercise reasonable care in the selection of machinery and material; but this instruction would make him liable if it turned out that the articles furnished were imperfect or unsuitable, however great may have been the care bestowed in their selection.

For the error of the court below in giving the foregoing instructions, and in refusing appellants' motion for a new trial, the judgment is reversed and the cause remanded.

Reversed and remanded.